UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDDHARTHA BISWAS,<br><br>        Plaintiff,<br><br>    v.<br><br>REDSAIL TECHNOLOGIES, *et al.*,<br><br>        Defendants. | Case No. 1:26-cv-04665-KES-CDB<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Siddhartha Biswas ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on June 17, 2026. (Doc. 1). Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis*. Among other deficiencies, including that the complaint is unsigned by Plaintiff and appears to be signed instead by a non-attorney representative, venue does not appear to lie in this district and the Court lacks personal jurisdiction over the named Defendants. *See id.*

**Governing Authority**

State law determines the scope of a federal court's personal jurisdiction over a named defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. Rule Civ. P. 4(k)(1)(A)). "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Id.* "A plaintiff bears the burden of showing that a

1

defendant is subject to the forum court's jurisdiction." *High Tech Pet Products, Inc. v. Juxin Pet Product Co., Ltd.*, No. 1:10-cv-00547 LJO GSA, 2013 WL 1281619, at *4 (E.D. Cal. Mar. 27, 2013) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.''" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (citation omitted).

Due process provides for both general and specific jurisdiction. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (citing *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358 (2021)). "A court has general jurisdiction over a defendant only when the defendant's contacts with the forum state are so 'continuous and systematic as to render them essentially at home in the forum State.'" *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022) (quoting *Bauman*, 571 U.S. at 127). "[A] plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citation omitted). In contrast, specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford*, 592 U.S. at 359. "For an exercise of specific personal jurisdiction, the due process clause requires, inter alia, that the defendant 'take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State,' and that the plaintiff's claims 'arise out of or relate to the defendant's contacts with the forum.'" *Yamashita*, 62 F.4th at 503 (quoting *Ford*, 592 U.S. at 359).

Additionally, the federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction

2

with respect to such action." 28 U.S.C. § 1391(b).

**Discussion**

Defendants are alleged to be an individual residing in Texas and a private corporation that resides and/or is incorporated in South Carolina. Additionally, under a subheading titled "Venue," the complaint alleges that the events giving rise to Plaintiff's claims occurred in Texas. (Doc. 1 at 1-2). There are no allegations suggesting that Defendants' contacts with California are anything more than attenuated.

Accordingly, the complaint does not properly assert a basis to assert general personal jurisdiction over Defendants. *Yamashita*, 62 F.4th at 503. Moreover, even liberally construing the complaint's allegations, Plaintiff does not plead any facts that any defendant took some action that purposefully availed itself of the privilege of conducting activities within California. Insofar as the Court can comprehend, the complaint asserts that the events at issue occurred in Dallas, Texas, with no indication of any contacts between Defendants and California. (Doc. 1 at 3).

Absent allegations about Defendants' specific actions in California, Defendants are not subject to specific personal jurisdiction in this district. *See, e.g.*, *Brooks v. Scannichio*, No. 2:25-cv-3280-TLN-AC, 2026 WL 66904, at *2 (E.D. Cal. Jan. 8, 2026) ("Although the complaint asserts collusion with unknown entities in California, none of the named defendants are California residents. The complaint also fails to allege that any of the events underlying the claim transpired in this district … Moreover, the absence of alleged defendant conduct in California – aside from conclusory allegations of attempted murder – seemingly leaves this court without general or specific personal jurisdiction.").

Thus, the Court will direct Plaintiff to show cause why this action should not be dismissed for lack of personal jurisdiction and/or improper venue.

**Conclusion and Order**

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing **within 21 days** why this action should not be dismissed for lack of personal jurisdiction and/or improper venue.

///

///

3

**Any failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, up to and including a recommendation to dismiss this action without prejudice.**

IT IS SO ORDERED.

Dated: __**June 24, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE

4